1  THOMAS P. O'BRIEN                                          **JS-6**
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  ANN LUOTTO WOLF
   Assistant United States Attorney
6  California State Bar No. 137163
         United States Courthouse
7        411 West Fourth Street, Suite 8000
         Santa Ana, California  92701
8        Telephone:  (714) 338-3533
         Facsimile:  (714) 338-3708
9        Email:   Ann.Wolf@usdoj.gov

10 Attorneys for Plaintiff
   United States of America

11

12                   UNITED STATES DISTRICT COURT

13           FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                        SOUTHERN DIVISION

15

16 UNITED STATES OF AMERICA,        )  NO.  **SA CV 06-378-AHS (MLGx)**
                                    )  [AND THE FOLLOWING CONSOLIDATED
17           Plaintiff,             )  ACTIONS:
                                    )  **SACV 06-384-AHS (MLGx)**
18           v.                     )  **SACV 06-387-AHS (MLGx)**
                                    )  **SACV 06-388-AHS (MLGx)**
19 REAL PROPERTY IN GARDEN GROVE,   )  **SACV 06-392-AHS (MLGx)**
   CALIFORNIA,                      )  **CV 06-2216-AHS (MLGx)**
20                                  )  **CV 06-5081-AHS (MLGx)**
             Defendant.             )
21 ─────────────────────────────────)  **CONSENT JUDGMENT**
                                    )
22 ZNC PLAZA, INC.; EVERTRUST       )  [This document pertains to all
   BANK; AGSTAR FINANCIAL           )  actions **except** Real Property in
23 SERVICES; JONG OCK MAO; PLAZA    )  Las Vegas, NV, CV 06-2210; Real
   SUNSET INVESTMENTS, LP; ZNC      )  Property in La Puente, CA, CV
24 ENTERPRISES, LLC; JONG'S         )  06-2212; Real Property in
   CONSULTING, INC.; WASHINGTON     )  Paramount, CA, CV 06-2217; and
25 MUTUAL BANK; MORTGAGE            )  $46,050.41 Bank Account Funds,
   ELECTRONIC REGISTRATION          )  CV 07-167 -- it is **not**
26 SYSTEMS, INC., and EDWARD LUTT,  )  dispositive of the entire
                                    )  consolidated action]
27           Claimants.            )
   ─────────────────────────────────)
28                                  )
   AND CONSOLIDATED ACTIONS.        )
   ─────────────────────────────────)

On April 11, 2006, plaintiff United States of America ("plaintiff" or the "government") commenced forfeiture actions against:

-- a parcel of real property located in Garden Grove, California, <u>United States v. Real Property in Garden Grove, California</u>, SACV 06-378-AHS (MLGx) (the "Garden Grove property action");

-- a parcel of real property located in Palestine, Texas, <u>United States v. Real Property in Palestine, Texas</u>, SACV 06-384-AHS (MLGx) (the "Palestine property action");

-- a parcel of real property located in Madisonville, Texas, <u>United States v. Real Property in Madisonville, Texas</u>, SACV 06-387-AHS (MLGx) (the "Madisonville property action");

-- a parcel of real property located in Marianna, Florida, <u>United States v. Real Property in Marianna, Florida</u>, SACV 06-388-AHS (MLGx) (the "Marianna property action");

-- a parcel of real property located in Beaumont, California, <u>United States v. Real Property in Beaumont, California</u>, EDCV 06-392-AHS (MLGx) (the "Beaumont property action"); and

-- a parcel of real property located in Baldwin Park, California, <u>United States v. Real Property in Baldwin Park, California</u>, CV 06-2216-AHS (MLGx) (the "Baldwin Park property action").

On February 8, 2007, the government filed a Second Amended Complaint for Forfeiture against the following seized assets:

-- $629,710.76 in bank account funds (the "defendant bank account funds");

1    -- $21,767.00 in U.S. currency (the "defendant currency");

2    -- one 2002 Renegade Motorhome (the "Motorhome");

3    -- one 2004 JCB Backhoe with enclosed cab, serial no.

4    903465,(the "Backhoe");

5    -- one mortgage or loan note in the amount of $300,000 (the

6    "Note"); and

7    -- $341,262.00 in net proceeds from the sale of real

8    property in South Gate, California (the "defendant

9    proceeds").

10   Collectively, the defendant bank account funds, the defendant

11   currency, the Motorhome, the Backhoe, the Note, and the defendant

12   proceeds shall be referred to herein as the "seized assets."

13       In each of these consolidated actions, the government alleges

14   that the defendant properties were purchased with proceeds of

15   violations of the Travel Act, 18 U.S.C. § 1952(a), and/or were

16   involved in money laundering transactions, rendering the assets

17   subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and

18   (C).

19       On May 30 and July 14, 2006, claimant ZNC Plaza Inc.

20   ("claimant ZNC") filed, respectively, a statement of interest and

21   an answer in the Garden Grove property action.  On May 18 and 24,

22   2006, lien-holder claimant Evertrust Bank filed a statement of

23   interest and an answer, respectively, in the Garden Grove

24   property action.  Pursuant to stipulated order, the Garden Grove

25   property was sold, lien-holder claimant Evertrust Bank was paid

26   in full, and, on July 16, 2007, the net proceeds in the sum of

27   $2,800,485.72 were substituted as the defendant _res_ in the Garden

28   Grove property action.

On May 30 and July 14, 2006, claimant Jong's Consulting Inc. ("claimant Jong's") filed, respectively, a statement of interest and an answer in the Palestine property action.   On June 30, 2008, claimant Jong's filed for bankruptcy.   The bankruptcy trustee has filed a motion for an order authorizing the sale of the Palestine property, which motion is set for hearing September 10, 2008.

On May 30 and July 14, 2006, claimant Jong Ock Mao ("claimant Mao") filed, respectively, a statement of interest and an answer in the Madisonville property action.   On May 17, 2006, lien-holder claimant AgStar Financial Services, as agent for First Source Capital Mortgage, filed a statement of interest and an answer in the Madisonville property action.   Pursuant to stipulated order, the Madisonville property was sold, lien-holder claimant AgStar Financial Services, as agent for First Source Capital Mortgage, was paid in full, and, on August 7, 2008, the net proceeds in the sum of $216,597.16 were substituted as the defendant res in the Madisonville property action.

On May 31 and July 14, 2006, claimant Plaza Sunset Investments LP ("claimant Plaza") filed, respectively, a statement of interest and an answer in the Marianna property action.   In or about November 2006, the Marianna property was sold at a foreclosure sale to lien-holder Peoples South Bank.

On May 30 and July 19, 2006, claimant Jong Ock Mao ("claimant Mao") filed, respectively, a statement of interest and an answer in the Beaumont property action.

On May 30 and July 14, 2006, claimant ZNC Enterprises LLC ("claimant ZNC") filed, respectively, a statement of interest and

4

an answer in the Baldwin Park property action.   Pursuant to stipulated order, the Baldwin Park property was sold, and, on August 25, 2006, the net proceeds in the sum of $98,592.61 were substituted as the defendant <u>res</u> in the Baldwin Park property action.

On October 4, 2006, claimants Jong Ock Mao, Jong's Consulting Inc., Mao Family Limited Partnership, MX Oasis Inc., County Wide Investment LLC, Plaza Sunset Investment LP, ZMX R Inc., ZNC Compassion Foundation, ZNC Enterprise LLC, ZNC Plaza Inc., and ZNC Plaza Management Inc. (collectively, "claimant Mao") filed statements of interest in the seized assets action.

No other claims, statements of interest, or answers have been filed in the Garden Grove property action, the Palestine property action, the Madisonville property action, the Marianna property action, the Beaumont property action, the Baldwin Park property action, and the seized assets action, and the time for filing claims, statements, and answers has expired.

The government and claimants have agreed to settle the Garden Grove property action, the Palestine property action, the Madisonville property action, the Marianna property action, the Beaumont property action, the Baldwin Park property action, and the seized assets action and to avoid further litigation.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of plaintiff and claimants,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.   This Court has jurisdiction over the Garden Grove property action, the Palestine property action, the Madisonville

property action, the Marianna property action, the Beaumont
property action, the Baldwin Park property action, and the seized
assets action pursuant to 28 U.S.C. §§ 1345 and 1355.

2.   The Complaints for Forfeiture state claims for relief
pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

3.   Notice of the actions has been given as required by
law.  Claimants identified herein filed the only claims,
statements of interest, and/or answers in the Garden Grove
property action, the Palestine property action, the Madisonville
property action, the Marianna property action, the Beaumont
property action, the Baldwin Park property action, and the seized
assets action.  The Court deems that all other potential
claimants admit the allegations of the Complaints for Forfeiture
to be true.

4.   Claimants agree to forfeiture as set out below.  A
judgment of forfeiture is hereby entered in favor of the United
States, which shall dispose of the following defendant properties
in accordance with the law:

(A)  $2,800,485.72 in net proceeds from the sale of the
Garden Grove property plus all accrued interest on the
entirety of the net proceeds are hereby forfeited to the
United States of America, and no other right, title, or
interest shall exist therein.

(B)  The net proceeds, if any, from the trustee sale of
the Palestine property are hereby forfeited to the United
States of America, and no other right, title, or interest
shall exist therein.

(C)  $216,597.16 in net proceeds from the sale of the

Madisonville property plus all accrued interest on the entirety of the net proceeds are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(D)  $98,592.61 in net proceeds from the sale of the Baldwin Park property plus all accrued interest on the entirety of the net proceeds are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(E)  The defendant bank account funds plus all accrued interest on the entirety of the defendant bank account funds are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(F)  The defendant currency plus all accrued interest is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(G)  The Backhoe is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(H)  The Note is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(I)  The defendant proceeds plus all accrued interest are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

5.  The Internal Revenue Service ("IRS") shall transfer $249,642.60 of the forfeited funds to the Department of Homeland Security - U.S. Customs and Border Protection ("CBP") to

reimburse CBP for the monies withdrawn from the defendant bank
account funds to pay the lien of Lariat Construction Services,
Inc.

        6.    The action against the Marianna property is hereby
dismissed.

        7.    The Motorhome, which was previously returned to
claimant Mao, shall be retained by claimant Mao.

        8.    The action is hereby dismissed against the Beaumont
property.  The government will record a withdrawal of lis pendens
within 30 days of the entry of judgment.

        9.    Claimants will execute further documents, to the extent
necessary, to convey clear title to the defendant properties and
to further implement the terms of this Consent Judgment.

        10.   Claimants hereby release the United States of America,
its agencies, officers, and employees, including employees of the
Department of Homeland Security, Immigration and Customs
Enforcement, IRS -- Criminal Investigation Division, and CBP, and
local law enforcement agencies, their agents, officers, and
employees, from any and all claims, actions, or liabilities
arising out of or related to these actions, including, without
limitation, any claim for attorneys' fees, costs, or interest on
behalf of claimants, whether pursuant to 28 U.S.C. § 2465 or
otherwise.

        11.   The Court finds that there was reasonable cause for the
institution of these proceedings against the Garden Grove
property, the Palestine property, the Madisonville property, the
Marianna property, the Beaumont property, the Baldwin Park
property, and the seized assets.  This judgment shall be

construed as a certificate of reasonable cause pursuant to 28
U.S.C. § 2465.

    12.   The Court further finds that claimants did not
substantially prevail in the actions, and all parties shall bear
their own attorneys' fees and other costs of litigation.

DATED:  October 22, 2008

ALICEMARIE H. STOTLER

_____
THE HONORABLE ALICEMARIE H. STOTLER
CHIEF UNITED STATES DISTRICT JUDGE

CONSENT

    The government and claimants consent to judgment and waive
any right of appeal.

DATED:  October 9, 2008        THOMAS P. O'BRIEN
                               United States Attorney
                               CHRISTINE C. EWELL
                               Assistant United States Attorney
                               Chief, Criminal Division
                               STEVEN R. WELK
                               Assistant United States Attorney
                               Chief, Asset Forfeiture Section

                               _____
                                          / S /
                               ANN LUOTTO WOLF
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               United States of America

DATED:  September 8, 2008      _____
                                          / S /
                               JONG OCK MAO, Claimant

DATED:  September ___, 2008    _____
                                          / S /
                               PAUL L. GABBERT

                               Attorney for Claimants
                               ZNC Plaza Inc., Jong Ock Mao, Mao
                               Family Limited Partnership, MX
                               Oasis Inc., County Wide Investment
                               LLC, Plaza Sunset Investment LP,
                               ZMX R Inc., ZNC Compassion
                               Foundation, ZNC Enterprises LLC,
                               ZNC Plaza Management Inc., and
                               Jong's Consulting Inc.

DATED:    September 4, 2008       SHEPPARD MULLIN RICHTER & HAMPTON

                                  _____/ s /_____
                                  RICHARD W. BRUNETTE, JR.
                                  THERESA LOUISE WARDLE

                                  Attorneys for Claimant
                                  AgStar Financial Services


DATED:    October 10, 2008 LAW OFFICES OF DAVID BOW WOO

                                  _____/ s /_____
                                  DAVID BOW WOO

                                  Attorneys for Claimant
                                  Evertrust Bank